The Law Offices Of
# GERALD C. RUTER
PROFESSIONAL CORPORATION

9411 Philadelphia Road, Suite O
Baltimore, Maryland 21237
(410) 238-8000
Fax: (410) 238-0597
E-Mail: ruterlaw@verizon.net

August 9, 2018

Honorable Catherine C. Blake
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

    **Re: United States of America v. Cory Hammond**
          **Case No. CCB-16-0562**

Dear Judge Blake:

    After a jury verdict of guilty as to conspiracy to possess with the intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. 846 and not guilty as to possession of a firearm by a prohibited person, in violation of 18 U.S.C. 922(g), that verdict was entered on March 8, 2018.

    On March 19, 2018, Mr. Hammond submitted his Motion for New Trial at Document 81. Two grounds were alleged in support of the motion.

    The first ground concerns the assertion by Mr. Hammond that prior to the first application for a wire tap order dated June 16, 2016, for phone number (443)713-9778 an illegal interception of some kind had occurred as to that phone; was not been disclosed to the defense or the Court; formed at least a partial basis for the issuance of the Order in support of the June 16, 2016, application; and, therefore invalidated the June 16, 2016, wire tap order and all subsequent extensions of interceptions on that phone. Other than the installation of a pen register on this phone prior to June 16, 2016, counsel is unaware of any such intrusion that may implicate the Fourth amendment. It is counsel's recollection that this argument had been addressed at a motions hearing. Perhaps the government can clarify this issue at the motion for new trial hearing scheduled for August 31, 2018.

    The second ground concerns the assertion by Mr. Hammond that as to telephone number (443)713-9778, none of the calls played to the jury and none of the text messages introduced into

Page Two
Honorable Catherine C. Blake
August 9, 2018


evidence were associated with that number. Rather, it is his assertion that any calls and/or texts had either been sent or received from another phone and then planted into the records of (443)713-9778, or, were manufactured all together by the government. In support of this theory, counsel subpoenaed the records of the communications carrier to which (443)713-9778 is associated, that being T-Mobile. The petition for the issuance of a subpoena was filed under seal. See Document 86. On April 20, 2018, the Court signed an Order for the issuance of the subpoena. See Document 86-1. Many weeks later, T-Mobile sent electronically the records requested, a copy of which was forwarded to the government. In sum, what the records show is that none of the text messages introduced at trial are recorded in the billing records received by subpoena. They also show that all telephone calls played to the jury are recorded on the billing records. Attached to this letter as **Exhibits 1A** is the first text message introduced at trial dated July 15, 2016. **Exhibit 1B** is a corresponding billing record of the same date where no text messages are observed. The Court should note at the bottom of Exhibit 1B at page two, two text messages are shown to have occurred the day following the text message introduced at trial. **Exhibit 2A, 2B, 2C** and **2D** are four text messages introduced at trial dated July 31, 2016, and **Exhibit 2E** is the corresponding T-Mobile records that do not indicate any of the above referenced text messages. The Court should note at the top of page one, 12 text messages are shown to have occurred on July 30, 2016. **Exhibit 3A, 3B** and **3C** are text messages introduced at trial dated August 2, 2016, and **Exhibit 3D** is the corresponding T-Mobile records that do not show the existence of those text messages. The Court should note on both pages of this exhibit the reference to eight text messages having been sent by or received by this phone.

The question Mr. Hammond poses is how could there be no reference to the text messages introduced at trial but there are references to text messages to and from other phone numbers not introduced at trial?

Page Three
Honorable Catherine C. Blake
August 9, 2018

    Counsel has reviewed the T-Mobile records with government counsel and with the Court's permission TFO Steven Rose will be called to testify concerning how text messages are intercepted and captured in real time and preserved in the form offered as exhibits at the trial of this case. It is also expected that the government may call FBI S/A Matthew Wilde to testify as to the methods employed by T-Mobile in its recording and preservation of text messages and phone call billing records. Counsel believes the government's position on that issue is T-Mobile did not record, at least for billing purposes, the existence of text messages in 2016, at the time of the wire taps in this case. As stated above, however, the records subpoenaed do show some text messages took place at the same time as the wire tap.

    Should the Court find no reasonable and verifiable reason(s) for the absence of proof that the texts introduced at trial are authentic and that they accurately reflect the phone numbers associated with those texts, the dates and times of those texts and the contents of those texts, we would urge the Court to dismiss the indictment if such inconsistencies are the result of gross negligence or worse, or, in the alternative, order a new trial.

                              Respectfully Submitted,

                              Gerald C. Ruter

GCR:dal
Enclosures
Filed by ECF