**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | **Crim. No. MJM-16-562** |
| | * | |
| **COREY HAMMOND,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * *

**MEMORANDUM OPINION**

Defendant Corey Hammond ("Hammond") filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 131. The motion is fully briefed. No hearing is necessary to resolve the motion. Loc. R. 105.6 (D. Md. 2025). For the reasons herein, the motion shall be denied.

## I. BACKGROUND

Hammond was charged in two counts of a three-count superseding indictment: conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 33. At trial, the jury found Hammond guilty of Count One and not guilty of Count Three. ECF No. 72. The matter proceeded to sentencing on August 31, 2018, and the Court imposed the statutory minimum term of imprisonment: 20 years, ECF No. 104.

On January 18, 2021, Hammond, through counsel, filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 131, and a supplement to that motion on February 10, 2021, ECF No. 136. On February 17, 2021, the United States (the "Government") filed a response in opposition under seal. ECF Nos. 137 & 138. On July 27, 2022, Hammond filed

a pro se motion requesting permission to amend and supplement his motion for sentence reduction. ECF No. 153. The case was reassigned to the undersigned on December 31, 2024. On October 8, 2025, this Court entered an Order directing the Government to file a response to Hammond's motion to amend his motion to reduce sentence. ECF No. 158. The Government filed its response on January 16, 2026. ECF No. 166.

## II. STANDARD OF REVIEW

Generally, a court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). There are, however, "a few narrow exceptions" to this "rule of finality." *Freeman v. United States*, 564 U.S. 522, 526 (2011). A provision of the Sentencing Reform Act of 1984, "commonly known as the 'compassionate release exception,'" is one such example. 18 U.S.C. § 3582(c)(1)(A)(i); *see also Moody*, 115 F.4th at 310. "[A] compassionate release . . . is an extraordinary and rare event." *United States v. Mangarella*, No. 3:06-CR-151-FDW-DCK-3, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020) (quoting *White v. United States,* 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). Under this exception, a court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction[,]" or "the defendant is at least 70 years of age, has served at least 30 years in prison . . . ," and "a determination has been made . . . that the defendant is not a danger to the safety or any other person or the community." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). A sentence modification must be "consistent with applicable policy statements issued by the Sentencing Commission" and warranted under the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025). In evaluating the § 3553(a) factors, courts "enjoy the discretion to give additional weight to any one [of the § 3553(a)] factor[s] so long as they do not confine their

analysis to that factor." *United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024); *see also United States v. Friend*, 2 F.4th 369, 381–82 (4th Cir. 2021). District courts have broad discretion in conducting this analysis. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Finally, a court may grant a sentence reduction without ordering immediate release; it does not have "to decide between immediate release or no reduction at all[.]" *United States v. Braxton*, Crim. No. JKB-09-478, 2020 WL 4748536, at *5 (D. Md. Aug. 17, 2020).

## III. ANALYSIS

For a court to consider a compassionate release motion filed by a defendant,[1] the defendant must first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or show that more than thirty days have passed "from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022). The Government contends that he has exhausted his administrative remedies. *See* ECF No. 131 at 2 ("Mr. Hammond filed a *Request for Administrative Remedy* with the Bureau of Prisons . . . on May 28, 2020. The request was denied the same day."); ECF No. 131-1 (copy of Hammond's Request for Administrative Remedy and the corresponding Rejection Notice). The Government concedes that Hammond "has presented an administrative remedy form" but suggests that because the Bureau of Prisons ("BOP") denied Hammond's administrative request on procedural, rather than substantive, grounds, exhaustion is not met. ECF No. 138 at 4 ("Hammond has presented an administrative remedy form . . . directed to the BOP, however the attached response indicates that he did not submit the complete materials required for their consideration . . . ."). For now, the

[1] In 2018, Congress "broadened" 18 U.S.C. § 3582(c) relief with the enactment of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194; 18 U.S.C. § 3582(c)(1)(A), which expanded access to compassionate release by allowing prisoners themselves to file such motions, rather than just the Bureau of Prisons on behalf of inmates. *See United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

Court "assumes without deciding that [the defendant] has exhausted his administrative remedies and addresses [the defendant]'s claim on the merits." *United States v. Pugh*, No. 5:17-CR-154-D, 2021 WL 535468, at *2 (E.D.N.C. Feb. 12, 2021).

In 2023, the United States Sentencing Commission amended the policy statement in U.S.S.G. § 1B1.13 to apply to motions filed by prisoners, clarifying the "contours of 'extraordinary and compelling' reasons" for release in such instances. *Davis*, 99 F.4th at 654, 658; *see also* U.S.S.G. § 1B1.13(b). Section 1B1.13(b) lists six categories of "extraordinary and compelling" circumstances. U.S.S.G. § 1B1.13(b).

Section 1B1.13(b)(1) is the most relevant provision in the instant case. It provides that compassionate release can be granted based on the medical circumstances of the defendant when:

> (A) The defendant is suffering from a terminal illness . . . .
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1). While Hammond's original motion for compassionate release predates this latest version of the Federal Sentencing Guidelines ("Guidelines"), the Court finds that the motion is, in substance, one for compassionate release based on § 1B1.13(b)(1)(D). *See* ECF No. 131 at 10–11 ("[Hammond's] underlying health issues – kidney disease and asthma – and the rampaging epidemic of COVID at the Fort Dix FCI ['Fort Dix'], taken together, provide a strong basis for the court to find 'extraordinary and compelling reasons' to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).").

To the extent Hammond still seeks compassionate release based on his personal risk factors' effect on his susceptibility to COVID-19, that request will be denied. First and foremost, there is no contemporary evidence of an "ongoing outbreak of infectious disease, or an ongoing public health emergency declared by the appropriate federal, state, or local authority." *See* U.S.S.G. § 1B1.13(b)(1)(D); *United States v. Peters*, No. 1:16-CR-80-LG-RHW-1, 2025 WL 2598363, at *2 (S.D. Miss. Sept. 8, 2025). "Furthermore, there is no evidence that [the defendant] has contracted COVID since being incarcerated, or that he currently faces a serious threat of contracting the virus." *Peters*, 2025 WL 2598363, at *2. While "a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction, . . . the coronavirus is not tantamount to a get out of jail free card." *United States v. Benjamin*, Crim. No. RDB-14-0048, 2024 WL 4803412, at *5 n.2 (D. Md. Nov. 15, 2024) (citing

*United States v. Hiller*, Crim. No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020)) (internal quotation marks omitted).

> Accordingly, for COVID-19 to constitute an extraordinary and compelling circumstance, the defendant must prove that he has a particularized susceptibility to COVID-19. . . . The defendant must also prove that his risk of contracting COVID-19 is higher in prison than outside of prison.

*Id.* (citations omitted) (internal quotation marks omitted).

Here, Hammond represents that he has certain medical conditions—namely kidney disease, asthma, and severe allergies, as well as a BMI over 30 (which Hammond says indicates obesity)—which render him more susceptible to complications caused by COVID-19. ECF No. 131 at 2–3, 10–11; ECF No. 136 at 2. He also suggests that his custodial status at Fort Dix heightens his risk of contracting the disease. *Id.* at 5–7, 10–11. Although Hammond represented that he would "file medical records describing these conditions, along with a motion to seal, within two days of filing this motion[,]" *id.* at 2, he never filed these records. The Government, however, filed Hammond's BOP medical records under seal. *See* ECF Nos. 138-2; 138-3. As the Government states, these records make no reference to Hammond having ever been *diagnosed* with chronic kidney disease. ECF No. 138 at 19. At most, the records include a *description* of what results on an eGFR blood test would *indicate* chronic kidney disease—while also showing that Hammond's results fall outside of this range. *See* ECF No. 138-2 at 20; ECF No. 138-3 at 14, 16.

Hammond's medical records show—and the Government does not dispute—that Hammond has asthma and a "relatively high BMI . . . which could indicate obesity."[2] ECF No. 138 at 19. The Government avers, however, that Hammond's BMI is not dispositive, "as for

[2] Petitioner's briefing represents his BMI as 32.5. ECF No. 136 at 2. Respondent represents it as 35.0 to 35.9. ECF No. 138 at 19; *see also* ECF No. 138-2 at 9; ECF No. 138-3 at 9. The difference is not material to the Court's disposition of this case.

example a high muscle mass may increase his overall BMI without necessarily reflecting poor health." *Id.* Amidst the height of the COVID-19 pandemic, many courts found that the risk engendered by asthma and/or high BMI may support a finding of extraordinary and compelling reasons for granting compassionate relief. *See, e.g.*, *United States v. Hargrove*, 30 F.4th 189, 196 (4th Cir. 2022) (acknowledging that some district courts have found a defendant's asthma to sufficiently support a finding of extraordinary and compelling reasons for granting compassionate release, but ruling that the district court below did not abuse its discretion in denying compassionate release to an asthmatic defendant); *United States v. Bailey*, Crim. No. ELH-16-396, 2022 WL 4017293, at *13 (D. Md. Sept. 1, 2022) ("Some courts have found that obesity, or even borderline obesity, can serve as a basis for compassionate release, particularly when coupled with other chronic medical conditions."); *but see United States v. Westray*, No. 17-401-PWG, 2022 WL 2209373 (D. Md. June 21, 2022) ("The Court recognizes the seriousness of the COVID-19 pandemic and the risks that [the defendant] faces based on his elevated BMI and past heart surgery. Nonetheless, [the defendant] has not demonstrated compelling and extraordinary reasons that warrant compassionate relief.").

The Government notes, however, that Hammond "was offered a [COVID-19] vaccination . . . just a few days before the filing of his motion—but he declined to be vaccinated." ECF No. 138 at 20; ECF No. 138-4 (vaccination consent form bearing Hammond's signature, recording that Hammond "decline[s] to receive the COVID-19 vaccination").[3] "Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release." *United States v. Ayres*, Crim. No. SAG-04-004, 2021 WL 2352322, at *2 (D.

[3] The consent form appears to be (repeatedly) misdated "2020" rather than 2021. The accompanying "Administrative Note" is dated 2021.

Md. June 9, 2021) (citing *United States v. Martin*, No. 1:05-CR-21, 2021 WL 1168696, at *2 (N.D. W. Va. Mar. 26, 2021)). Asthma and a high BMI may have placed Hammond at higher risk of COVID-19. But given the totality of the circumstances, including the currently reduced risk level of COVID-19 nationwide relative to earlier in the decade and Hammond's apparent refusal to mitigate his risk via vaccination, the Court finds that Hammond has not demonstrated that his medical conditions render him so "susceptible to severe risks caused by COVID-19" as to constitute an extraordinary and compelling reason for sentence reduction. *Benjamin*, 2024 WL 4803412, at *5 & n.2; *Peters*, 2025 WL 2598363, at *2. The Court also finds that, between the lack of contemporaneous evidence speaking to current conditions at Fort Dix and the passing of the nationwide public health emergency engendered by COVID-19, Hammond has not "established that there is a higher risk of him contracting COVID-19 in prison than there is outside of prison." *Id.*

Section 1B1.13(b)(6) of the Guidelines provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Hammond twice argues that compassionate release is justified based on a change in law since his original sentencing. *See* ECF No. 136 at 4 ("Since the defendant was sentenced, the First Step Act of 2018 reduced the mandatory minimum penalty for repeat drug offenders from 20 to 15 years[]. Had that law been in effect when Mr. Hammond was sentenced, the court may well

have decided to sentence him to the bottom of the sentencing range – *i.e.,* 210 months – rather than the sentence he received.") (citing Pub. L. No. 115-391 § 401(a)(2), 132 Stat. 5194, 5220) (footnote omitted); ECF No. 153 at 1 ("[I]f sentenced today for the same conduct, Hammond would likely receive a dramatically lower sentence than the one he is currently serving.") (citing *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019)). But this argument does not address the requirement that the defendant has served "at least 10 years of the term of imprisonment[.]"[4] U.S.S.G. § 1B1.13(b)(6). Hammond has not served at least 10 years of his prison term. He entered federal custody on December 12, 2016, and was sentenced on August 31, 2018. As such, Defendant's argument does not support a finding of extraordinary and compelling reasons justifying a sentence reduction.

Finally, the Court notes that the Guidelines allow for compassionate release if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Hammond makes three further arguments for a reduction in sentence. He presents to the court: evidence of his post-offense rehabilitation, ECF No. 131 at 3; ECF Nos. 131-2 through 131-6; ECF No. 153 at 3, 8–9; ECF No. 153-1; ECF No. 153-3; representations of his post-release re-entry plans should he be freed from custody, ECF No. 131 at 4–5; ECF No. 153 at 10–11; and contentions that the drinking water at Fort Dix is unfit for consumption, ECF No. 153 at 2–3, 9–10. While the Court commends Hammond's steps toward rehabilitation, "[t]o the extent [he] argues that his post-conviction rehabilitation alone represents an extraordinary and

[4] The Court does not now need to decide—and declines to weigh—whether Petitioner's original sentence was "unusually long[.]" U.S.S.G. § 1B1.13(b)(6). The Court notes, however, that the 20-year sentence Defendant received was the statutory minimum. ECF No. 104; ECF No. 114 at 64.

compelling reason to reduce his sentence, the law is clear that 'rehabilitation alone cannot justify compassionate release.'" *United States v. Jenifer*, Crim. No. RDB-14-411, 2022 WL 619930, at *3 (D. Md. Mar. 2, 2022) (quoting *United States v. Holness*, Crim. No. ELH-09-611, 2022 WL 169700 at *14 (D. Md. Jan. 14, 2022)). Nor does "a sound post release plan," as encouraging as it is, "justify an early release based upon extraordinary and compelling reasons." *United States v. Garcia*, No. 5:09-CR-00025-KDB-DCK-1, 2023 WL 3296164, at *5 (W.D.N.C. May 5, 2023), *aff'd*, No. 23-6490, 2023 WL 8946772 (4th Cir. Dec. 28, 2023). Finally, Hammond has presented no affidavit, record, or other competent evidence to support his contentions as to the drinking water at Fort Dix, but only the unsworn statements in his motion requesting permission to amend and supplement his motion for compassionate release. ECF No. 153 at 2–3, 9–10. In summary, the Court finds that these additional "circumstances or combination of circumstances" presented by Hammond are not "similar in gravity" to Section 1B1.13(b)'s other enumerated circumstances justifying compassionate release. U.S.S.G. § 1B1.13(b)(5).

## IV. CONCLUSION

For the foregoing reasons, Hammond's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) is DENIED.

A separate Order will follow.

October 13, 2026
Date

/S/
Matthew J. Maddox
United States District Judge